IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VERNON CHAPMAN,

                Plaintiff,                OPINION and ORDER

   v.

                                              23-cv-412-wmc[1]

R.D. KEYES,                               23-cv-431-wmc

               Defendant.

---

Vernon Chapman is a federal prisoner currently incarcerated at FCI-Oxford, and he filed these two petitions under 28 U.S.C. § 2241. In Case No. 21-cv-412, Chapman argues that he is entitled to resentencing because he received an improper sentence enhancement, and in Case No. 23-cv-431, Chapman contends that the Bureau of Prisons has been conducting his risk assessment improperly and preventing him from participating in necessary programming. Both petitions are before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which can be applied to petitions brought under § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

Chapman's request for resentencing in the '412 petition is barred by the Supreme Court's recent decision in *Jones v. Hendrix*, 143 S. Ct. 1857 (2023), so I will dismiss that petition without prejudice. I will dismiss Chapman's request that the BOP adjust his criminal history points in the '431 case because he has not shown that the BOP's decisions about his risk assessments or programming are improper.

---

[1] I am exercising jurisdiction over this case for purposes of this screening order only.

ANALYSIS

A. '412 Petition

Chapman was charged in the Northern District of Illinois with knowingly and intentionally distributing 28 grams or more of mixtures and substances containing cocaine base, in violation of 21 U.S.C. § 841(a)(1). *See United States v. Chapman*, No. 10-cr-961, Dkt. 72 (N.D. Ill.). As the parties were preparing for that trial, Chapman was added as a defendant in another ongoing criminal matter and was charged with heroin distribution and using a telephone to facilitate the drug transaction. *United States v. Moneyham*, No. 11-cr-299, Dkt. 28.

After numerous delays, Chapman proceeded to trial in May of 2014 on the charges against him in both cases, and a jury found him guilty of all charges. The court sentenced him to a total of 200 months of incarceration, to be followed by eight years of supervised release. That sentence included an enhancement under 21 U.S.C. § 851 because Chapman had previously been convicted of a felony drug offense. *See Chapman*, No. 19-cr-961, Dkt. 78. Chapman's conviction was affirmed on appeal, and Chapman sought postconviction relief under 28 U.S.C. § 2255, which was denied in 2018.

Here, Chapman seeks resentencing on the ground that the conviction that qualified him for the § 851 enhancement did not meet the definition of "serious drug felony" as that term is used in 21 U.S.C. § 841(b). Chapman appears to be raising a claim for relief under the United States Supreme Court's decision in *Mathis v. United States*, 579 U.S. 500 (2016), and the Seventh Circuit's decision in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020) (Illinois drug offense does not qualify as a serious drug offense because it punishes conduct broader than federal law punishes).

To collaterally attack a conviction or sentence, a federal prisoner must file a motion to vacate under 28 U.S.C. § 2255. Under § 2255(h), a federal prisoner may not bring a second or successive motion challenging his sentence unless the court of appeals certifies that: (1) there is newly discovered evidence sufficient to establish the petitioner's innocence; or (2) there is a new, retroactive rule of constitutional law that undermines the petitioner's conviction. *See Mangine v. Withers*, 39 4th 443, 447 (7th Cir. 2022). A federal prisoner cannot file a successive § 2255 motion on the ground that there is a new retroactive rule of statutory law.

In *In re Davenport*, the Court of Appeals for the Seventh Circuit interpreted § 2255(e), the so-called "savings clause" to allow prisoners to file claims based on new statutory interpretation rules under § 2241, even if they had already sought relief under § 2255. 147 F.3d 605, 610 (7th Cir. 1998). The court reasoned that for a prisoner in that situation, § 2255 was inadequate to resolve the prisoner's statutory claim: the rule was not available to the prisoner at the time he filed his first motion, and he couldn't raise the issue in a new motion. *Id.*

That is no longer the law after the Supreme Court's recent decision in *Jones v. Hendrix*, 143 S. Ct. 1857. In that case, the Court expressly overruled *Davenport* (and cases from other courts of appeals that reached the same conclusion) and decided that the savings clause does not permit a federal prisoner to file a petition based on a new rule of statutory law under § 2241 if he has already filed a motion under § 2255. *Id.* at 1868 (citing *Davenport* and concluding that "the saving clause does not authorize such an end-run around [section 2255(h).]").

*Jones* is binding on this court and forecloses Chapman's petition. *See Agostini v. Felton*, 521 U.S. 203, 237–38 (1997). Because Chapman has already filed a § 2255 motion, and Chapman has not received certification from the court of appeals that his claim contains new evidence or a new rule of constitutional law, this court does not have jurisdiction to hear

Chapman's claim. I will dismiss this petition for that reason. *See Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018); *Jones*, 143 S. Ct. at 1864-65 (affirming dismissal of § 2241 petition on jurisdictional grounds).

### B. '436 Petition

In this petition, Chapman challenges the BOP's risk assessment score. He contends that in calculating his history of violence for purposes of the First Step Act, the BOP improperly incorporated events that occurred before the First Step Act was enacted and assigned him violence points even though he has not been convicted of violence. Chapman also argues that the BOP has failed to provide a meaningful opportunity for him to reduce his classification because he has been unable to participate in certain programs. Chapman asks the court to order the BOP to drop the violence points from his risk assessment and grant whatever other relief the court deems fair.

Chapman is not entitled to relief for two reasons. First, Chapman has not properly raised his concerns with the BOP. Chapman says that he has not completed the exhaustion procedures because this is a statutory interpretation question only a court can address. Dkt. 1, at 7. But courts usually require a prisoner to exhaust the BOP's administrative remedies before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Anderson v. Miller*, 772 F.2d 375, 376–77 (7th Cir. 1985). I may excuse a failure to exhaust where: (1) requiring exhaustion would cause prejudice because of the time required; (2) the agency cannot resolve the issue or grant the requested relief; (3) exhaustion would be futile because the agency is biased or has already determined the issue; or (4) substantial constitutional questions are raised. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). Given that the BOP is charged with interpreting the First Step Act's provisions, Chapman's

belief that he is raising a statutory question is not an excuse to file this petition before exhausting his administrative remedies.

Second, Chapman's request for a change in his risk assessment and for access to programming cannot be raised in a habeas petition, which is limited to challenges to the validity or duration of a prisoner's confinement. *Pischke v. Litscher*, 178 F.3d 497, 499-500 (7th Cir. 1999) (habeas is the proper vehicle for presenting a claim "only if the prisoner is seeking to 'get out' of custody in some meaningful sense"). Chapman may be raising these arguments in the hope that credits under the First Step Act might earn him time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). The First Step Act permits the BOP to apply earned time credits towards pre-release custody or supervised release after an inmate's PATTERN risk assessment score is a low or minimum for two consecutive assessments, *see* § 3632(g)(1)(D)(i), and the inmate has earned time credits that equal the remainder of his sentence, *see Lallave v. Martinez*, 609 F. Supp. 3d 164, 183 (E.D.N.Y. June 29, 2022) ("[T]he BOP is permitted to apply time credits only once an inmate has earned time credits that equal the remainder of [his] sentence.") (quotations omitted). Chapman does not state that has earned enough First Step Act time credits to entitle him to release to pre-release custody or supervised release, so he is not entitled to release now, which puts his petition outside the reach of habeas relief. Although I understand Chapman to contend that the BOP's policies are preventing him from improving his risk assessment score and participating in qualifying programming that might entitle him to time credits and an earlier release, Chapman has provided no details or documentation showing how the BOP has been assessing him or denying him programming that would entitle him to First Step Act time credits. So I have no basis to

5

conclude that Chapman is now entitled to any form of relief based on the BOP's improper interpretation or application of the First Step Act.

Chapman also filed a motion for appointment of counsel. Dkt. 3. I may appoint counsel for a habeas petitioner if "the interests of justice so require" and the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2)(B). In evaluating what the "interests of justice" require, courts may consider whether the petitioner can obtain justice without an attorney in light of his ability and the difficulty of the case and whether he would have had a reasonable chance of winning with a lawyer. *See, e.g., Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000). Here, because in the '412 petition Chapman seeks relief that is unavailable under § 2241 and in the '431 petition he has not shown that he is entitled to pre-release custody or supervised release, it would not be in the interest of justice to appoint an attorney to assist him in pursuing either petition.

ORDER

IT IS ORDERED that:

1. Vernon Chapman's petition in Case No. 23-cv-412-wmc is DISMISSED for lack of subject matter jurisdiction.
2. Chapman's petition in Case No. 23-cv-431-wmc is DENIED without prejudice.
3. The clerk of court is directed to close these cases.

Entered August 31, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge